**GRIMM v. LOCKHEED AIRCRAFT CORPORATION et al.**

Civ. No. 835.

District Court, N. D. Texas, Dallas Division.

July 26, 1943.

■■■

Henry Klepak, of Dallas, Tex., for the motion.

John A. Erhard, Asst. U. S. Atty., of Dallas, Tex., opposed.

ATWELL, District Judge.

Plaintiff sues for $150,000 for alleged slander and libel. Without any third party proceedings, the United States answered, setting out its interest in the litigation by reason of a contract with the defendant upon a cost-plus fee basis.

The action arises over the contract and betterments, for war purposes, of Love Field, near Dallas, where airplanes and other impedimenta are assembled, used, and constructed.

The plaintiff complains that he would not be able to get the ear of a jury if the jury is permitted to understand that any judgment rendered for him would be paid by the United States. He also complains that the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, have not been followed in making the United States a party. Rule 14; or, Rule 24.

■■■ The question is hardly an open one. The law gives the United States the right to come into a suit in which it is interested and the chief law officer is granted that authority. Title 5, U.S.C.A. §§ 307–309. See In re Debs, 158 U.S. 564, 15 S.Ct. 900, 39 L.Ed. 1092; Booth v. Fletcher, 69 App. D.C. 351, 101 F.2d 676; McGrain v. Daugherty, 273 U.S. 135, 47 S.Ct. 319, 71 L.Ed. 580, 50 A.L.R. 1; Ponzi v. Fessenden, 258 U.S. 254, 42 S.Ct. 309, 66 L.Ed. 607,

22 A.L.R. 100; Mundy v. McDonald, 216 Mich. 444, 185 N.W. 877, 20 A.L.R. 398.

The statute and the decided law under it seem to undermine the suggestion that the ordinary rules of pleading are binding upon the United States, or that a private litigant would be granted something less than his full rights if his adversary is the United States. The latter position does not find a secure lodgement in our court adjudications. Jurors, the judges of the facts, like the judges of the law, are impervious to the reach of parties. It is justice that animates them in their decisions. If a citizen has a real grievance against his government, and that grievance is susceptible of photographing in dollars and cents, he has no difficulty in securing the ripening of his cause into a judgment. That sort of litigation furnishes the majority of the work in the national courts. To question its efficacy and justice would be to seek to hang an argument upon an unsubstantial.

The motion may be overruled.